**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLAIR M. WEEKS, | |
| Plaintiff, | Civil Action No. 16-9050 |
| v. | MEMORANDUM OPINION |
| JACQUETTA BOWMAN, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter is before the Court upon *pro se* Plaintiff's letter disputing the Court's December 14, 2016 Order dismissing *without prejudice* Plaintiff's Complaint for lack of subject matter jurisdiction. (D.E. Nos. 3 & 4). For the reasons below, Plaintiff's complaint is hereby DISMISSED for lack of subject matter jurisdiction.

1. **Factual & Procedural Background.** Plaintiff initiated this civil action on December 7, 2016. (D.E. No. 1, Complaint ("Compl."))._[1]_ In the Complaint, Plaintiff alleges that he is appealing a New Jersey municipal court's finding that Defendants were not guilty of multiple counts of harassment. (*Id.* at 7). According to Plaintiff, Defendants Jacquetta Bowman, Plaintiff's aunt, committed two counts of assault as defined by 18 U.S.C. § 113(a)(5). (*Id.*). He also alleges that Defendant Darnell Robinson, Plaintiff's uncle, committed two counts of assault as defined by 18 U.S.C. § 113 (a)(3) and (a)(5), and one violation of either 18 U.S.C. § 228(a)(1) or (a)(3). (*Id.*).

---

[1] The Court cites to page numbers stamped on the header by the electronic filing system, as Plaintiff's Complaint does not contain paragraph numbers and is not continuously paginated.

1

The gravamen of Plaintiff's Complaint is that he allegedly experienced rude and violent treatment while living with his aunt and uncle in Carteret, New Jersey.  (*Id.*).

After reviewing Plaintiff's Complaint, on December 14, 2014, the Court issued an Order dismissing the complaint *without prejudice* for lack of subject matter jurisdiction because Plaintiff did not appear to state a claim under federal law and did not allege sufficient facts to establish diversity jurisdiction (namely, the jurisdictional amount-in-controversy pursuant to 28 U.S.C. § 1332).  (D.E. No. 3).   On December 30, 2014, Plaintiff responded to the Court's Order with a letter to "counter[] the claims of the order of dismissal."  (D.E. No. 4, Plaintiff's December 30, 2016 Letter ("Letter") at 1).

2. **Plaintiff's Arguments.**  According to Plaintiff, 18 U.S.C. § 3231 vests the Court with jurisdiction to hear the case because he is alleging certain violations of federal criminal law.  (*Id.*).  Plaintiff's Complaint also asserts subject matter jurisdiction based on diversity of citizenship.  (Compl. at 2).  Lastly, Plaintiff argues that the Court has jurisdiction because municipal cases in New Jersey can be appealed within twenty days of a ruling.  (Letter at 2).

3. **Legal Standard.**  "Federal courts are not courts of general jurisdiction." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986).  In order to adjudicate a civil case, a federal court must have subject matter jurisdiction.  *Id.*  District courts have subject matter jurisdiction over civil actions that implicate federal law or diversity of citizenship.  *See* 28 U.S.C. §§ 1331, 1332.

"A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).  A district court has

jurisdiction of a civil action based on diversity of citizenship when the action arises between citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

The Court has authority to examine whether it has subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction serve institutional interests.  They keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative . . . .").  Plaintiff has the burden of establishing federal jurisdiction because he is the party bringing the suit.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

4. **The Court Lacks Subject Matter Jurisdiction Over This Action.**  First, the Court lacks subject matter jurisdiction based on a federal question because Plaintiff has not alleged a cause of action under federal law nor does Plaintiff allege a "right to relief [that] necessarily depends on resolution of a substantial question of federal law."  *See Empire Healthchoice Assur., Inc.*, 547 U.S. at 689-90.  Plaintiff cites various criminal codes—such as 18 U.S.C. § 113(a)(3)— as the basis for federal question jurisdiction and reminds the Court that it has the power to hear "all offenses against the laws of the United States" pursuant to 18 U.S.C. § 3231.  (*See* Compl. 2; Letter at 1).  The criminal statutes that Plaintiff cites, however, do not create a private right of action.  *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008). Moreover, while 18 U.S.C. § 3231 does give the Court exclusive jurisdiction over all offenses against the laws of the United States, "this jurisdictional provision does not amount to authorization of a federal private right of action any time a civil plaintiff invokes a federal criminal

statute." *Id.; see also Jones v. Lockett,* No. 08-16, 2009 WL 2232812, at *8 (W.D. Pa. July 23, 2009) (holding that various criminal statutes invoked by the plaintiff did not confer a private cause of action). Thus, since no federal question is alleged in the Complaint, the Court does not have subject matter jurisdiction based on a federal question.

Second, the Court does not have subject matter jurisdiction based on diversity of citizenship. While Plaintiff's Complaint does allege that that he is a resident of New York and Defendants are residents of New Jersey, it does not allege that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In fact, Plaintiff's Complaint does not allege that he is attempting to recover any damages. (*See* Compl.). Thus, the Court does not have subject matter jurisdiction over the case based on diversity of citizenship.

Third, if Plaintiff is seeking to initiate a criminal proceeding against Defendants in federal court, he cannot. Private citizens generally have no standing to institute federal criminal proceedings. *See Keenan v. Mcgrath*, 328 F.2d 610, 611 (1st Cir. 1964) (holding that a private individual could not initiate a criminal prosecution in his own name in a United States District Court). The federal government—not private parties—prosecutes violations of federal criminal law in federal court. *See U.S. ex rel. Nagy v. Patton*, No. 11-267, 2012 WL 1858983, at *2 (E.D. Pa. May 22, 2012). Even if an individual is the victim of a criminal act, that individual "do[es] not have a constitutional right to the prosecution of alleged criminals." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009).

Lastly, to the extent Plaintiff seeks to "appeal" a New Jersey municipal court judgment or order, such appeals must be taken to New Jersey Superior Court. *See State v. Garcia*, 687 A.2d 804, 811 (Mun. Ct. 1996).

5. **Conclusion.** Accordingly, the Complaint is DISMISSED for lack of subject matter jurisdiction and the action shall remain closed. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
